WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Angel Rodelo-Cota, | No. CV-22-00110-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

On March 7, 2022, Movant Miguel Angel Rodelo-Cota ("Rodelo-Cota") filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, raising three grounds for relief alleging ineffective assistance of counsel at the plea stage of Rodelo-Cota's criminal proceedings. (Doc. 1.) In the § 2255 Motion, Rodelo-Cota requested the appointment of counsel. (*Id.* at 10.) The Court summarily dismissed Ground One of the § 2255 Motion, ordered the United States of America to answer the remainder of the § 2255 Motion, and denied without prejudice the request for appointment of counsel. (Doc. 4.) The United States of America filed its Response to the § 2255 Motion on May 19, 2022. (Doc. 5.) Rodelo-Cota did not file a reply.

On June 21, 2022, Rodelo-Cota filed two Motions (Docs. 6, 7) asking the Court to reconsider its denial of his request for the appointment of counsel. In the Motions, Rodelo-Cota avers that he requires the appointment of counsel in order to provide evidentiary support for his ineffective assistance of counsel claims. (Docs. 6, 7.)

As the Court previously explained, counsel must be appointed when necessary for

effective discovery, when an evidentiary hearing is required, and when the complexities of the case are such that lack of counsel would equate to the denial of due process. Rules Governing § 2255 Proceedings for the United States District Courts 6(a) and 8(c); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). The Court must also determine whether the "interests of justice" require the appointment of counsel by assessing the likelihood of success on the merits and the movant's ability to articulate his claims pro se in light of the complexity of the legal issues. 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

The Court has already determined that the appointment of counsel is not warranted based on an assessment of the likelihood of success on the merits and Rodelo-Cota's ability to articulate his claims pro se in light of the complexity of the legal issues involved. (Doc. 4.) Rodelo-Cota's presently pending Motions offer no reason for the Court to reconsider that determination. Furthermore, Rodelo-Cota has not requested discovery and has not established good cause for discovery. *See* Rules Governing § 2255 Proceedings for the United States District Courts 6(a)-(b). The Court has not, at this time, determined that an evidentiary hearing is warranted, and there presently is no indication that lack of counsel would result in the denial of due process.

Accordingly, Rodelo-Cota's Motions will be denied without prejudice. If the Court later determines that discovery or an evidentiary hearing is required, the Court will appoint counsel at that time.

**IT IS ORDERED** that Rodelo-Cota's Motions seeking the appointment of counsel (Docs. 6, 7) are **denied without prejudice**.

Dated this 21st day of July, 2022.

_____
Honorable Rosemary Márquez
United States District Judge