**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Angel Rodelo-Cota,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | No. CV-22-00110-TUC-RM<br><br>**ORDER** |

Pending before the Court is Movant Miguel Angel Rodelo-Cota's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"). (Doc. 1 in CV-22-110-TUC-RM; Doc. 147 in CR-19-844-TUC-RM (LAB).)[1] Respondent United States of America filed a Response on May 19, 2022. (Doc. 5.) Movant did not file a Reply, and the deadline for doing so has expired. For the following reasons, the Section 2255 Motion will be denied.

**I.  Background**

In District of Arizona case number CR-19-844-TUC-RM (LAB), Movant pled guilty pursuant to a plea agreement to Conspiracy to Possess with Intent to Distribute Fentanyl and Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), 841(b)(1)(B)(viii), and 846, as charged in Count One of the Information; Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(a)(2)(B)(i) and 1956(h), as charged in Count Two of the Information; and Possession of a Firearm in Furtherance

---

[1] Unless otherwise noted, all docket citations refer to the docket in case number CV-22-110-TUC-RM.

of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i), as charged in Count Three of the Information. (Docs. 53, 57, 135 in CR-19-844-TUC-RM (LAB).) As the factual basis for the plea, Movant admitted the following:

> From a time unknown until February 27, 2019, at or near Phoenix and elsewhere in the District of Arizona, Miguel Angel Rodelo-Cota conspired with others known and unknown to acquire and sell fentanyl and methamphetamine and launder the illegal proceeds. On January 4, 9, 29, and February 27, 2019, Rodelo-Cota conspired with David Rivera-Zavala who and [sic] sold 4.2 kilograms in fentanyl pills and 2.32 kilograms of methamphetamine, in total, to an undercover agent. Rodelo-Cota was present and participated in some of the undercover buys and was involved with Rivera-Zavala in acquiring the drugs to sell to the undercover agent. On February 27, 2019, Rivera-Zavala instructed Ines Coronel-Beltran to accompany him and Miguel Angel Rodelo-Cota to a drug transaction with the undercover agent in order to protect the fentanyl pills against a possible theft. Coronel-Beltran arrived at the meeting with Rodelo-Cota and was nearby in his vehicle with a loaded firearm under him as he sat in the driver's seat. Prior to his arrest on February 27, 2019, Miguel Angel Rodelo-Cota also conspired with others to export what he knew to be illegal proceeds of the drug trafficking conspiracy to Mexico in an effort to conceal the nature, source, location, ownership and control of the drug trafficking proceeds.

(Doc. 57 at 10 in CR-19-844-TUC-RM (LAB).) After a change-of-plea hearing held on March 11, 2020, Magistrate Judge Leslie A. Bowman found that there was a factual basis for Movant's plea and that the plea was knowing and voluntary. (Docs. 56, 58 in CR-19-844-TUC-RM (LAB).) This Court adopted that finding and accepted Movant's guilty plea. (Doc. 68 in CR-19-844-TUC-RM (LAB).)

On August 19, 2021, this Court sentenced Movant to concurrent terms of 80 months imprisonment on Counts One and Two and a consecutive term of 60 months imprisonment on Count Three, with credit for time served, followed by concurrent 5-year terms of supervised release. (Docs. 133, 135 in CR-19-844-TUC-RM (LAB).) At his sentencing hearing, Movant averred that he was satisfied with the services of his attorney and that his attorney had answered all of his questions regarding his case.

**II.    Section 2255 Motion and Response**

Movant raises two claims for relief pursuant to 28 U.S.C. § 2255: (1) trial counsel rendered ineffective assistance by advising Movant to plead guilty to the firearm count when Movant denied knowing of the firearm; and (2) trial counsel rendered ineffective assistance by advising Movant to plead guilty to the money laundering count when no

evidence supported that count.  (Doc. 1 at 6-7.)[2]

In its Response, the United States of America argues that Movant's trial counsel did not render ineffective assistance by advising Movant to enter the plea agreement at issue because (1) counsel negotiated the plea agreement to dramatically reduce Movant's sentencing exposure; (2) the factual bases for the firearm and money laundering charges were included in the plea agreement; (3) Movant averred that he was pleading guilty knowingly and voluntarily and that he was satisfied with his attorney's advice; (4) the magistrate judge and this Court found Movant's plea to be knowing and voluntary; (5) a defendant can be convicted of a violation of 18 U.S.C. § 924(c)(1) if a co-conspirator used or carried a firearm in furtherance of the conspiracy; and (6) there was evidence to support a finding that Movant knew of the firearm at issue.  (Doc. 5.)

### III. Discussion

A convicted defendant asserting a claim of ineffective assistance of counsel must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish deficient performance, the defendant "must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When a criminal defendant pleads guilty, he cannot "thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," but instead "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was not "within the range of competence demanded of attorneys in criminal cases."  *Tollett v. Henderson*,

---

[2] Movant also alleged in his Section 2255 Motion that trial counsel rendered ineffective assistance under the Sixth Amendment by advising Movant to sign a plea agreement that waived Movant's rights to assert the ineffective assistance of counsel.  (Doc. 1 at 5.) This Court summarily dismissed that claim because Movant's plea agreement provides that the waiver of Movant's right to file an appeal or collateral attack does not bar an otherwise-preserved claim of ineffective assistance of counsel.  (Doc. 4 at 2, 4; *see* Doc. 57 at 7 in CR-19-844-TUC-RM (LAB).)

411 U.S. 258, 266-67 (1973) (internal quotation marks omitted). To establish prejudice on a claim of ineffective assistance of counsel challenging the voluntary and intelligent character of a guilty plea, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**A. Ground Two of Section 2255 Motion: Ineffective Assistance of Counsel Based on Advice to Plead Guilty to Firearm Offense**

In Ground Two of his Section 2255 Motion, Movant alleges that trial counsel rendered ineffective assistance of counsel by advising Movant to plead guilty to the charge of Possession of a Firearm in Furtherance of a Drug Trafficking Offense. (Doc. 1 at 6.) Movant indicates that trial counsel advised him his possession of the firearm was constructive, and Movant argues that such advice was constitutionally deficient because Movant repeatedly denied knowing his co-defendant had a firearm and counsel "should have argued the firearm was not foreseeable" to Movant. (*Id.*)

Pursuant to *Pinkerton v. United States*, a defendant can be convicted of a substantive offense if he was a party to an unlawful conspiracy and the substantive offense was committed in furtherance of the conspiracy. 328 U.S. 640, 645-47 (1946). Here, Movant does not challenge his guilty plea with respect to Count One of the Information, and therefore there is no dispute that Movant was a party to an unlawful conspiracy to possess with intent to distribute fentanyl and methamphetamine. (*See* Doc. 1.) The Ninth Circuit has held that a defendant may be convicted, based on *Pinkerton* liability, of possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c), even absent direct evidence that the defendant possessed or knew of the firearm used in the offense. *See United States v. Johnson*, 886 F.2d 1120, 1123 (9th Cir. 1989). In so holding, the Ninth Circuit recognized that the drug industry "is a dangerous, violent business" and that "it is reasonable to assume that a weapon of some kind" will be used in a drug trafficking operation. *Id.*

Based on the holdings of *Pinkerton* and *Johnson*, Movant's trial counsel did not

render deficient performance by advising Movant to plead guilty to the firearm charge even though Movant denied knowing that his co-defendant had a firearm.

**B.    Ground Three of Section 2255 Motion: Ineffective Assistance of Counsel Based on Advice to Plead Guilty to Money Laundering Offense**

In Ground Three of his Section 2255 Motion, Movant alleges that his trial counsel rendered ineffective assistance of counsel by advising Movant to plead guilty to the charge of Conspiracy to Launder Monetary Instruments when the plea agreement, presentence report, change of plea hearing, and sentencing hearing were devoid of any factual support for that charge. (Doc. 1 at 7.)

In relevant part, 18 U.S.C. § 1956(a)(2)(B)(i) prohibits transporting, transmitting, transferring, or attempting to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to a place outside the United States "knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity."  A person who conspires to commit a violation of § 1956(a)(2)(B)(i) shall be subject to the same penalties as those prescribed for the substantive offense.  18 U.S.C. § 1956(h).

As discussed above, Movant does not challenge his guilty plea with respect to Count One of the Information, and therefore there is no dispute that Movant was engaged in a drug trafficking conspiracy.  (*See* Doc. 1.)  Respondent United States of America avers that the conspiracy involved not only drug transactions but also the transfer to Mexico of the proceeds of those drug transactions.  (Doc. 5 at 7.)  As discussed above, the factual basis of Movant's plea agreement states that from a time unknown until February 27, 2019, Movant conspired with others to launder the illegal proceeds of fentanyl and methamphetamine sales and to export them to Mexico in an effort to conceal the nature, source, location, ownership and control of the drug trafficking proceeds.

(Doc. 57 at 10 in CR-19-844-TUC-RM (LAB).)  Movant agreed to that factual basis when he entered his plea agreement. (*Id.*)  "Solemn declarations in open court carry a strong presumption of verity." *United States v. Moore*, 599 F.2d 310, 314 (9th Cir. 1979) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Because Movant's plea agreement sets forth the factual basis for the money laundering count, trial counsel did not render ineffective assistance by advising Movant to plead guilty to a charge that lacked a factual basis.  Furthermore, the Court notes that Movant's plea agreement significantly reduced his sentencing exposure; that the money laundering conviction did not increase Movant's total term of imprisonment, since the Court ordered the sentence for that conviction to be served concurrently with the sentence for Movant's unchallenged drug trafficking conviction; and that Movant expressed satisfaction with his attorney during his sentencing hearing.

**IT IS ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1 in CV-22-110-TUC-RM and Doc. 147 in CR-19-844-TUC-RM (LAB)) is **denied**, and the civil action opened in connection with the Motion (CV-22-110-TUC-RM) is **dismissed with prejudice**.  The Clerk of Court must enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because Movant has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the Court's ruling debatable.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 12th day of August, 2022.

_____
Honorable Rosemary Márquez
United States District Judge